UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA TANSIL,

    Plaintiff,

                                  Case No. 10-10430

v.

                                  Hon. John Corbett O'Meara

B1007 CORPORATION,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on Defendant's motion for summary judgment, filed June 21, 2011. Plaintiff filed a response brief on July 26, 2011; Defendant submitted a reply on August 8. The court heard oral argument on September 8, 2011, and took the matter under advisement. For the reasons stated below, Defendant's motion is granted in part and denied in part.

**BACKGROUND FACTS**

This a public accommodation disability discrimination case. Plaintiff Gloria Tansil was denied service at a Ponderosa Restaurant, owned by Defendant B1007 Corporation. Tansil is disabled, uses a wheelchair, and needs assistance to eat. She and her daughter, Gail Shakoor, visited a Ponderosa Restaurant on September 22, 2009. Shakoor did not want to eat, but was present to assist her mother. When asked for her order, Shakoor informed a staff person that "I'm not hungry, I'm here to help my mother eat." Shakoor Dep. at 18. They were told by a staff person that "we can't serve you if you're [Shakoor] not going to eat also." Id. Shakoor

then asked to see a manager.  "The manager comes out and the manager tells me the exact same thing, that's policy. . . . [W]e have a lot of people who come in who are caregivers with other people and we can't serve them."  Id. at 19.  Indeed, to discourage people from taking food from the buffet without paying, Ponderosa has a policy of requiring "a minimum purchase of the buffet to enter our dining room."  Defendant contends that if Shakoor had paid for a meal but did not eat, she would have been entitled to a refund.  There is no evidence, however, that this was explained to Tansil and Shakoor at the time.   Rather than pay for a meal for Shakoor, they left the restaurant.

Plaintiff's original complaint presented a public accommodation claim under the Americans with Disabilities Act.  Defendant moved for summary judgment, which the court denied on March 25, 2011.  The court also allowed Plaintiff to amend her complaint.  Plaintiff's amended complaint contains the following counts: negligence, Persons with Disabilities Civil Rights Act, the 1964 Civil Rights Act, and the Americans with Disabilities Act.  Defendant has moved for summary judgment a second time, seeking judgment in its favor on all of Plaintiff's claims.

## LAW AND ANALYSIS

**I.    ADA Claim**

Defendant seeks dismissal of Plaintiff's ADA claim because the public accommodation section of the ADA, Title III, does not provide for damages, but only injunctive relief, which Plaintiff did not plead in her complaint.  See 42 U.S.C. § 12188(a)(1); 42 U.S.C. § 2000a-3(a); Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1120 (9th Cir. 2000) ("Monetary relief is not an option for private individuals under Title III of the ADA.  As a result, a plaintiff who files an ADA

claim can at most hope to improve access through an injunction.").

Plaintiff contends that the catchall phrase in her complaint, requesting "relief under all counts plead" encompasses injunctive relief. See Amended Compl. at 5. This catchall phrase is not enough to rescue Plaintiff's pleading deficiency, however. See Deringer v. Columbia Transp. Div. Oglebay Norton Co., 866 F.2d 859, 863 (6th Cir. 1989) (catchall phrase "all relief to which the plaintiff may appear to be entitled" did not constitute request for legal relief when specific prayer included equitable relief only); Harris v. Richards Mfg. Co. Inc., 675 F.2d 811, 815 (6th Cir. 1982) (catchall phrase "and such other and further relief as may be deemed necessary and proper" did not constitute prayer for legal relief in equitable case). Further, Plaintiff has not specifically stated what injunctive relief she is seeking, in her complaint or otherwise. Accordingly, the court will dismiss the ADA claim.

**II.    PWDCRA Claim**

Defendant contends that Plaintiff has failed to state a claim under the PWDCRA, because she has failed to allege that Defendant did not accommodate her disability. See generally M.C.L. 37.1302(a); Cebreco v. Music Hall Center for the Performing Arts, 219 Mich. App. 353, 360 (1996). Under the PWDCRA, "[o]nce a plaintiff has demonstrated that he is able to benefit from services provided by a place of public accommodation and that he is being denied an 'equal opportunity' to do so because of a 'physical or mental characteristic,' the facility has a duty to accommodate the person." Cebreco, 219 Mich. App. at 359.

Here, Defendant suggests that Plaintiff has failed to state a claim because Plaintiff was not "treated differently because of her alleged disability. Rather, the testimony demonstrates that all patrons of Ponderosa are treated the same in that in order to enter the dining room, a

-3-

minimum purchase of the buffet is required." Def. Br. at 13.  As the court has determined previously, Defendant misses the point of public accommodation requirements.  Defendant is obligated to *accommodate* Plaintiff's disability, not treat her the same as non-disabled patrons. See Cebreco, 219 Mich. App. at 360.  "There is no question that the [PWDCRA] imposes a potentially heavy obligation upon places of public accommodation with respect to handicapped individuals. Something more than merely equal treatment is required in order to satisfy the "equal opportunity" obligation of the [PWDCRA]." Id.  In this case, Defendant did not accommodate Plaintiff's disability by allowing her caregiver to enter the dining room, nor did Defendant suggest that the caregiver's meal price could be refunded.  Rather, after being informed that Plaintiff needed assistance in feeding herself, Defendant told Plaintiff that she and her caregiver would not be served unless the caregiver paid to eat.  Defendant made no attempt to accommodate Plaintiff's disability, but rather treated Plaintiff as any other able-bodied patron.  The PWDCRA requires "something more than merely equal treatment."  Accordingly, the court will deny Defendant's motion on this claim.

**III.   Negligence Claim**

Plaintiff's negligence claim is based upon Defendant's alleged duty "to provide for accommodations to Plaintiff under the PWDCRA" and ADA.  Pl.'s Br. at 20.  As described by Plaintiff, her claim is not based upon a negligence theory, but rather a discrimination/refusal to accommodate claim under the PWDCRA and ADA.  Plaintiff has not identified a duty independent of that imposed by those statutes.  See generally Case v. Consumers Power Co., 463 Mich 1, 6 (2000) (elements of a negligence claim are duty, breach, causation, and damages). Plaintiff has not identified any legal authority suggesting that discrimination or a failure to

accommodate under the PWDCRA or ADA, under the circumstances of this case, also constitutes negligence.  Accordingly, Plaintiff cannot establish a prima facie case of negligence and the court will dismiss that claim.

### IV.     1964 Civil Rights Act Claim

Plaintiff argues that the 1964 Civil Rights Act, as amended in1991, allows for Plaintiff to recover damages under the ADA and PWDCRA.  Plaintiff's argument is not supported by the statute or case law.  The Civil Rights Act prohibits discrimination in public accommodations based upon race, color, religion, or national origin.  42 U.S.C. § 2000a(a).  It does not apply to cases of discrimination based upon disability; that is covered by the ADA.  Further, the Civil Rights Act does not provide for *ADA* plaintiffs to obtain monetary relief for public accommodation claims.  Plaintiff cites no authority to the contrary.  Plaintiff does not allege that she was discriminated against based upon her race, color, religion, or national origin.  Therefore, the court will dismiss her Civil Rights Act claim.

### ORDER

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.


                                                                s/John Corbett O'Meara
                                                                United States District Judge

Date:  September 8, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 8, 2011, using the ECF system.


                                                                s/William Barkholz
                                                                Case Manager